Marie MARCANO RIVERA,
et al., Plaintiffs,

v.

PUEBLO INTERNATIONAL,
INC., Defendant.

No. Civ. 97–2306(RLA).

United States District Court,
D. Puerto Rico.

March 31, 1999.

Luis R. Mellado–González, Capital Center Sur, San Juan, PR, for plaintiffs.

Jorge C. Pizarro–García, Totti & Rodriguez Diaz, San Juan, PR, for defendant.

## ORDER IN THE MATTER OF POST TRIAL MOTIONS

ACOSTA, District Judge.

The following post trial motions filed in this action are hereby disposed of as follows.

### Doubling of Award to MARIE MARCANO RIVERA

■ The jury awarded plaintiff MARIE MARCANO RIVERA the amount of $225,000.00 as actual damages resulting from her disability-related discrimination while employed at PUEBLO INTERNATIONAL, INC. The jury found defendant liable under both the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 *et seq.* and Law No. 44 of July 2, 1985, P.R.Laws Ann. tit. 1 § 501 *et seq.* (Supp.1998). Plaintiff has requested that her award be doubled under Law No. 44 to $450,000.00 and then add ADA damages separately for a grand total of $675,000.00.[1]

The $225,000.00 verdict seeks to redress all damages sustained by MRS. MARCANO RIVERA related to defendant's discriminatory conduct regardless of the legal source. Therefore, even though plaintiff MARIE MARCANO RIVERA is entitled to a duplication of the jury's damages award pursuant to the scheme established by Law No. 44,[2] the mental anguish and suffering resulting from her discrimination in employment is one and the same for both Law No. 44 and ADA.

Based on the foregoing, Plaintiff's Motion in Request of Judgment by the Court for Double Damages under Local Law #44 and for Additional Damages under ADA, filed on March 1, 1999 (docket No. 105) and plaintiff's Motion to Alter and/or Amend Judgment, filed on March 22, 1999 (docket No. 108) are **GRANTED** only insofar as it doubles the award of MARIE MARCANO RIVERA to $450,000.00 pursuant to Law No. 44. The request to add a separate award under ADA is **DENIED.** Judgment shall be entered accordingly.

### Plaintiffs' Motion for Reconsideration and for New Trial

Plaintiffs have moved the court to reconsider the dismissal at the close of all evidence in the case of the pre July 26, 1992 discrimination claims as well as her allegation of illegal termination. Further, they contest the court's decision not to instruct the jury on punitive damages.

■ Plaintiffs concede that MARIE MARCANO RIVERA has no claim under ADA for events prior to July 26, 1992, the date when this statute went into effect, but argue that defendant is liable for discriminatory conduct prior thereto both under Law No. 44 as well the local tort provision found at P.R.Laws Ann. tit. 31 § 51 (1990). However, prior to 1992 Law No. 44 was applicable only to government agencies or private institutions which received government funding. Further, the remedies provided thereunder during that period of time were limited to an administrative fine, enjoining the discriminatory conduct and/or withholding of public funding. *See* P.R.Laws Ann. tit. 1 § 509 (Supp.1998). Therefore, it is clear that MARIE MARCANO RIVERA is not entitled to monetary relief under Law No. 44 for events prior to 1992 because none were provided for by the statute.

Further, we disagree with plaintiffs' argument that in the alternative she is entitled to damages sounding in tort for pre–1992 discriminatory conduct. As previously ruled during trial, no evidence of a duty owed by defendant giving rise to liability under tort could be found for this earlier conduct.

■ Lastly, the court finds that an instruction on punitive damages was not

---

1. Plaintiffs do not request modification of the award to OSVALDO ROMAN.

2. Law No. 44 at P.R.Laws Ann. tit. 1 § 511 (Supp.1998) incorporates the remedies provided in another local discrimination statute in particular the doubling of damages found at P.R.Laws Ann. tit. 29 § 146(a)(1) (1995).

warranted given the absence of evidence in the record that defendant engaged in discriminatory practice or practices with malice or reckless indifference to the rights of plaintiff to be free from intentional discrimination.

Additionally, the trial record was devoid of any evidence from which the jury could infer that the reduction in force which resulted in plaintiff being laid off was applied in a discriminatory manner or was otherwise used as a pretext to discriminate against plaintiff due to her disability. *Ruiz v. Posadas de San Juan Assoc.*, 124 F.3d 243 (1st Cir.1997).

Accordingly, plaintiffs' Motion to Alter and/or Amend Judgment filed on March 22, 1999 (docket No. 108) is **DENIED.**

### Defendant's Motions for New Trial and for Judgment as a Matter of Law

■ Defendant has moved for a new trial asserting that allowing evidence of pre–1992 evidence was prejudicial and in the alternative requesting a remittitur of the damages awarded.

Defendant argues that the alleged post 1992 discrimination conduct consisting of the physical barriers in the bathroom facilities at the Altamira store, plaintiff's temporary assignments to the cashier and flower station and expulsion from the handicap parking space were not significant enough to merit a $225,000.00 award.

The evidence showed that MARIE MARCANO RIVERA was transferred to the Plaza Las Americas store in July 1993. Accordingly, for an entire year prior thereto [3] she was forced to walk on her stumps on the dirty floor every time she had to utilize the bathroom facilities which she testified was "degrading". Additionally, she described the embarrassment she felt as well as the difficulties involved in having to descend from her wheel chair and reach the toilet due to the structural barriers in the employee's bathroom.

During trial plaintiff also complained that after she was designated to the weigh station there were instances where she was continually taken back and forth to the cashier position. This entailed dragging her specially constructed wooden stool and setting it up at her working area every time she was called to cashier duty. She described the burdens associated with these moves and indicated that she felt like a "ping pong ball" as a result of this practice.

Contrary to defendant's casual characterization of plaintiff's ordeal while working at the flower station, it was plaintiff's testimony that she was forced to walk on her stumps every time she needed to gather material from the flower freezer. The hardship was such that she developed cellulitis on her stumps.

Lastly, the incident regarding her denial of the handicap parking facilities involved not only the humiliation of being censured by her supervisor but also the difficulties inherent in having to park further away and between cars that were too close for her to maneuver her wheel chair. Further, as plaintiff testified, this was not a one-day inconvenience but lasted for at least a month.

Defendant downplays the impact of these events upon MARIE MARCANO RIVERA. The court finds that the evidence presented regarding post 1992 discriminatory conduct together with plaintiff's vivid recount of how it affected her as a direct result thereof amply supports both the verdict in favor of plaintiffs and the damages awarded. *See Kelley v. Airborne Freight Corp.*, 140 F.3d 335, 355 (1st Cir. 1998) (award will stand provided there is sufficient evidence from which jury could rationally have found amount of damages); *Gil de Rebollo v. Miami Heat Associations, Inc.*, 137 F.3d 56, 63 (1st Cir.1998) (jury has wide discretion in appraising intangible damages); *Correa v. Hosp. San Francisco*, 69 F.3d 1184, 1197 (1st Cir. 1995) (quoting *Grunenthal v. Long Island*

**3.** Both ADA and the pertinent provisions of

Law No. 44 went into effect in July of 1992

*R.R. Co.,* 393 U.S. 156, 159 & n. 4, 89 S.Ct. 331, 333 & n. 4, 21 L.Ed.2d 309 (1968)) (jury's evaluation of damages will remain undisturbed unless it is found to be "grossly excessive, inordinate, shocking to the conscience of the court, or so high that it would be a denial of justice to permit it to stand".); *see also Reyes–Garcia v. Rodriguez & Del Valle, Inc.,* 82 F.3d 11, 15 (1st Cir.1996).

Plaintiff MARIE MARCANO RIVERA testified on how these events emotionally affected her. It was up to the jury to evaluate them. The same holds true for her husband's pain and suffering as a result of his wife's discrimination.

Based on the foregoing, defendant's Motion for New Trial and Motion for Judgment as a Matter of Law, filed on March 23, 1999 (dockets No. **109 and 110**) are **DENIED.**

IT IS SO ORDERED.